IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSHUA GALBRAITH, et al.,

          Plaintiffs,

v.                                      CIVIL ACTION NO.  2:20-cv-00363

CONSTRUCTION UNLIMITED LLC., et al.,

          Defendants.

**ORDER**

Pending before the Court is Plaintiffs Joshua Galbraith and Liza Areco's (collectively "Plaintiffs") Amended Motion to Remand.[1]  (ECF No. 30.)  Plaintiffs move to remand this case back to the Circuit Court of Kanawha County, West Virginia, because they allege that this Court now lacks jurisdiction over this case.  (*Id.* at 1.)  Defendants did not file a response.

On May 6, 2020, Plaintiffs filed this action in the Circuit Court of Kanawha County, West Virginia, alleging breach of contract and other related claims against Defendant Construction Unlimited LLC, a Florida limited liability company with its principle place of business located in Florida, and Defendants Salvatore Cataldo and Chris Freeman, both residents of Florida.  (ECF No. 14 at 4–5, ¶ 14; ECF No. 1 at 3, ¶ 11–12.)  On May 27, 2020, Defendant Cataldo removed this case asserting diversity as the sole basis for this Court's jurisdiction.  (ECF No. 1 at 2, ¶ 8.)  Further, on September 11, 2020, this Court entered an Order granting Plaintiffs' Motion to Amend Complaint.  (ECF No. 13.)  Plaintiffs sought to amend their complaint to add Generations

---

[1] Also pending is Plaintiffs' Motion to Remand.  (ECF No. 21.)  Subsequently, Plaintiffs filed an Amended Motion to Remand.  Accordingly, Plaintiffs' first Motion to Remand, (ECF No. 21), is **DENIED AS MOOT**.

1

Concrete & Excavation LLC ("Generations") as a Defendant to this action, and Defendants did not issue a response. (ECF No. 11.) Generations is a West Virginia limited liability company, and its addition destroys complete diversity which is required for this Court to maintain jurisdiction under 28 U.S.C. § 1332(a)(1). *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Further, Defendants have been given multiple opportunities to respond to both Generations' addition and Plaintiffs' current motion, and they have failed to issue any response. Accordingly, the Court **GRANTS** Plaintiffs' motion to remand, (ECF No. 30).

Finally, Plaintiffs request fees and costs incurred as a result of the removal of this action. (ECF No. 30 at 4, ¶ 11.) Here, there is no indication that Defendants sought to remove the case to this Court "for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). The Court finds that Defendants' argument was made in good faith, and Defendants had an objectively reasonable basis for removal. *Id.* at 132. Thus, an award of attorney fees and costs is not appropriate.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand and **DENIES** fees and costs. The Court hereby **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia. The Court **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    December 4, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE